**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TIMOTHY W. DONES, # 789362,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-2237-M** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas Dep't** | ) | |
| **of Criminal Justice, Correctional Institutions** | ) | |
| **Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Darrington Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Respondent is the TDCJ-CID Director. The Court directed Respondent to file a response.

Statement of the Case: Petitioner was indicted for the offense of aggravated kidnaping with the intent to commit sexual assault and with the use of a deadly weapon in the 265th District Court of Dallas County, Texas, in Cause No. F95-03981-IR. Statement of Fact (S.F.)

Vol. 1 at 3; <u>Ex parte Dones</u>, No. 43,547-01, at 261.  After a hung jury, Petitioner waived a trial

by jury and pled guilty pursuant to a plea bargain.  S.F. Vol. 1 at 29-31.  On January 31, 1996,

the trial court entered an order of deferred adjudication, and placed him on a ten-year term of

community supervision/probation, which required *inter alia* that he participate in electronic

monitoring, register as a sex offender and participate in sex offender counseling.  S.F. Vol. 1 at

33-38.  Petitioner did not appeal.

Thereafter, the State proceeded with an adjudication of guilt, alleging that Petitioner had

been terminated from sex offender counseling, and had failed to participate adequately in the

electronic monitoring program.  <u>See</u> <u>Ex parte Dones</u>, No. 43,547-01, at 27 (copy of State's

Amended Motion to Proceed with an Adjudication of Guilt).  On May 30, 1997, the trial court

adjudicated Petitioner guilty of the aggravated kidnaping charge and assessed punishment at life

imprisonment.  <u>Id.</u> at 299.  Petitioner appealed.  On March 3, 1998, the Fifth District Court of

Appeals at Dallas dismissed Petitioner's direct appeal (which challenged only the parole

revocation proceeding) for want of jurisdiction.  <u>Dones v. State</u>, No. 05-97-01044-CR, slip op. at

1-2 (Tex. App. -- Dallas, 1998).  Petitioner did not file a petition for discretionary review.

(Respondent's Answer at exh. A).

Petitioner then filed two state applications for writ of habeas corpus, the first one on May

20, 1999 (with the assistance of retained counsel), and the second one on June 6, 2005 (*pro se*).

<u>Ex parte Dones</u>, Nos. 43,547-01, at 2 and 43,547-02, at 2.  The Texas Court of Criminal Appeals

denied the first application on December 1, 1999, without written order on the findings of the

trial court without a hearing, and dismissed the second application as successive on November 3,

2005.  <u>Id.</u> at cover.

In his federal habeas petition filed on November 14, 2005, Petitioner realleges the claims raised in his second state habeas application.  He asserts (1) the trial court failed to admonish him properly about all consequences of his guilty plea -- namely that he would have to register as a sex offender and participate in sex offender counseling -- thus rendering his guilty plea unknowing and involuntarily entered; (2) the conditions of his probation, which included the requirement that he register as a sex offender and participate in sex offender counseling, were illegal; (3) the State's motion to proceed with an adjudication of guilt was illegal; and (4) he was denied effective assistance of counsel at the time he pled *nolo contendere* because his attorney never told him that he would have to register as a sex offender and participate in sex offender counseling.[1]

In response to the petition and this court's order to show cause, Respondent filed the state court record along with an answer asserting that the petition is time barred.  Petitioner filed a reply.

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

---

[1]      For purposes of this recommendation, the petition is deemed filed on November 3, 2005, the date Petitioner signed it and presumably placed it in the prison mail.  See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if

the right has been newly recognized by the Supreme Court and made retroactively applicable to

cases on collateral review; or (D) the date on which the facts supporting the claim became

known or could have become known through the exercise of due diligence.  See id. §

2244(d)(1)(A)-(D).

Petitioner raises three claims related to his initial guilty plea, the order placing him on

deferred adjudication probation, and the conditions of his probation (see grounds 1, 2 and 4).  He

also raises one claim related to the probation revocation proceeding (see ground 3).  The Court

will analyze each subgroup separately for purposes of the one-year limitation period.[2]

---

[2]     Petitioner's claims are premised on the argument that he should not have been
required to register as a sex offender and participate in sex offender counseling as a condition of
his probation because he had never been convicted of a sex crime.  In support, he relies on the
Supreme Court decisions in Smith v. Doe, 538 U.S. 84, 123 S. Ct. 1140 (2003), and Connecticut
Department of Public Safety (DPS) v. Doe, 538 U.S. 1, 123 S. Ct. 1160 (2003).
        Neither opinion is applicable to this case.  In Smith v. Doe, convicted sex offenders
brought an action under 42 U.S.C. § 1983 challenging the constitutionality of the Alaska Sex
Offender Registration Act (SORA) as a violation of the ex post facto clause.  538 U.S. at 90-91.
The Supreme Court held that the Act was nonpunitive and therefore its retroactive application
did not violate the ex post facto clause.  Id. at 100-106.
        Connectitut DPS v. Doe was also a § 1983 action.  There a purportedly non-dangerous
sex offender, on behalf of himself and others similarly situated, challenged provisions of the
Connecticut's sex offender registry law, which required DPS to post sex offender registry
containing registrants' names, addresses, photographs, and descriptions on an Internet Website
and to make registry available to public, as, inter alia, violative of Due Process Clause of the
Fourteenth Amendment.  538 U.S. at 4.  The Supreme Court held that even if public notification
provisions deprived sex offenders of liberty interest, Due Process Clause did not entitle offenders
to hearing to determine whether they were currently dangerous before their inclusion in publicly
disseminated sex offender registry.  Id. at 6-8.
        In this case, Petitioner was on notice, at the time he pled guilty and was placed on
deferred adjudication probation, that he would have to register as a sex offender and participate
in sex offender counseling as a condition of his probation/community supervision.  Therefore,
this case does not present the *ex post facto* and due process concerns addressed in the above
Supreme Court opinions.

4

1.      Timeliness of Claims Related to the Initial Guilty Plea and Placement on Deferred
        Adjudication Probation (grounds 1, 2, and 4)

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that

prevented him from filing grounds 1, 2 and 4.  Nor does he base those grounds on any new

constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court

determines that the facts supporting grounds 1, 2, and 4 became known or could have become

known prior to the date Petitioner's deferred adjudication probation became final.  Petitioner sets

out alleged deficiencies which occurred in the course of his initial plea of guilty.  All occurred in

his presence and/or in open court and, thus, could have been known to him prior to the time his

deferred adjudication became final.

Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's

deferred adjudication probation became final at the conclusion of direct review or upon the

expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

In Caldwell v. Dretke, 429 F.3d 521, 526-29 (5th Cir. 2005), the Fifth Circuit recently

held that an order of deferred adjudication probation following a guilty plea is a final judgment

for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review.  The

Circuit noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days

after the day sentence is imposed or suspended in open court.'"  Id. (quoting Tex. R. App. P.

26.2(a)(1) (effective Sept. 1, 1997).

Applying the above holding to this case, Petitioner's deferred adjudication probation

became final for purposes of § 2244(d)(1)(A) on March 1, 1996, thirty days after Petitioner pled

guilty and the court placed him on deferred adjudication probation.  Because the above date

preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25,

1996, through April 24, 1997, -- within which to seek habeas corpus relief.  See Flanagan v. Johnson, 154 F.3d 196, 199-200 n.2 and 202 (5th Cir. 1998) (citing United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998)).

Petitioner did not file this federal habeas petition until November 3, 2005, more than eight and one-half years after the one-year limitation period expired.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), neither of Petitioner's state habeas applications was pending in state court during the one-year period.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll limitation period where it was not filed until after the limitation period had expired).  Therefore, Petitioner's claims challenging his original guilty plea and the order placing him on deferred adjudication probation are time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir.2000) (quoting Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)).  Equitable tolling applies only in cases presenting "rare and exceptional circumstances."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).  "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Id. (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).  Further, "equity is not intended for those who sleep on their rights."  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

It is unsurprising that Petitioner took no action to raise the claims related to his underlying guilty plea and the conditions of his probation prior to the revocation of his deferred adjudication probation. By any standard he had obtained a very favorable disposition of the criminal charge, in avoiding a prison term despite the offense charged, which include a finding that he had used a deadly weapon.

Petitioner now claims that neither the trial court nor counsel formally advised him that he would have to register as a sex offender and participate in sex offender treatment even though he had never been convicted of a sex crime. (Memorandum in Support at 8A and E-F). This contention is groundless. Both conditions are specifically addressed in the "Conditions of Probation" which Petitioner signed on January 31, 2006, when he pled guilty and was placed on deferred adjudication probation. Ex parte Dones, No. 43,547-01, at 251-52. At the January 31, 2006 hearing, defense counsel and the prosecutor also reminded Petitioner that the trial judge could impose any requirement as a condition of his probation, including sex offender registration. (Id. at 6 and 8). Petitioner concedes as much in his federal petition. (See Memorandum in Support of Pet. at 8A-B). As a matter of fact, before pleading guilty, he concedes asking his attorney why the plea documents contained the sex offender registration and group treatment requirements. (Id. at 8F). His attorney allegedly responded that in a probation case the judge could do whatever he wanted. (Id.). If Petitioner was truly concerned about the sex offender registration and counseling requirements, he could have inquired about them before he pled guilty. Alternatively, he could have filed a direct appeal within thirty days from the entry of the order placing him on deferred adjudication probation.

Even if Petitioner was unaware of his appeal rights stemming from the order placing him

7

on deferred adjudication probation, this contention is insufficient to warrant application of equitable tolling. Mere ignorance of the law is not a circumstance warranting application of equitable tolling. <u>Fisher</u>, 174 F.3d at 714 ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); <u>see also</u> <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Lastly, Petitioner alleges he should "not [be] time barred because he is actually innocent of a sex crime in that he was never convicted of a sex crime." (Reply at 3). This argument is groundless. The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitation period. <u>See</u> <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000); <u>accord</u> <u>Cousin v. Lensing</u>, 310 F.3d 843, 849 (5th Cir. 2002).

Insofar as Petitioner requests the Court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000); <u>see also</u> <u>Cousin v. Lensing</u>, 310 F.3d 843, 849 (5th Cir. 2002); <u>United States v. Riggs</u>, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). In addition, Petitioner has not shown that he has reliable new evidence that establishes his actual innocence. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995). An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the
> [petitioner] must support his allegations with new, reliable evidence that was not
> presented at trial and must show that it was "more likely than not that no
> reasonable juror would have convicted him in the light of the new evidence."

Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298,

327 (1995)); accord Finley v. Johnson, 243 F.3d 215, 221 (5th Cir. 2001); United States v. Jones,

172 F.3d 381, 384 (5th Cir. 1999).

In this case, Petitioner merely alleges that he is actually innocent of the sex offender

registration and group treatment requirements.  He is not seeking to challenge his underlying

conviction for aggravated kidnaping.  Therefore, his assertion does not carry Petitioner's heavy

burden of showing that he is actually innocent.

Because Petitioner has not carried his burden to show that equitable tolling is warranted,

such tolling does not save grounds 1, 2 and 4.[3]


2.       Timeliness of Claim Related to Probation Revocation (ground 3)

The timeliness of this claim -- that the State's motion to proceed with in adjudication of

---

[3]       The Court further notes that Petitioner did not diligently pursue his rights.  See
United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).  It appears he did nothing for
approximately three years from the date his deferred adjudication probation became final until
counsel filed the first art. 11.07 application.  Following the denial of the first application, he
waited for an additional four and one-half years before he filed the second art. 11.07 application,
the one raising the claims at issue in this case.  Even after dismissal of the second state
application, Petitioner continued his pattern of delay.  This time, he waited approximately one
and one-half month, before submitting his federal petition for filing.  These delays – clearly
Petitioner's own making – do not evince due diligence.  "[E]quity is not intended for those who
sleep on their rights.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).  See also Lookingbill
v. Cockrell, 293 F.3d 256, 264-65 (5th Cir. 2002) (four-day delay in filing federal habeas
petition by death row inmate did not justify equitable tolling; courts focus "on the reasons for
missing the deadline rather than on the magnitude of the tardiness).

guilt was illegal -- is dependent on the date on which Petitioner's conviction and penitentiary sentence became final.  In <u>Foreman v. Dretke</u>, 383 F.3d 336, 340-41 (5th Cir. 2004), a case raising only claims challenging the revocation of deferred adjudication probation, the Fifth Circuit held that a timely-filed appeal to a state intermediate court, which was dismissed for "want of jurisdiction," constituted "direct review" for purposes of one-year limitation period for filing a federal habeas petition.  <u>Id.</u>

Applying <u>Foreman</u> to the case at hand, the Court concludes that Petitioner's probation revocation became final on April 2, 1998, thirty days after the dismissal of his appeal for want of jurisdiction.  Thus, the one-year period commenced to run the next day on April 3, 1998, and expired on April 2, 1999.  Petitioner did not file this federal habeas petition until November 3, 2005, more than six and one-half years after the one-year limitation period expired.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, <u>see</u> <u>Sonnier v. Johnson</u>, 161 F.3d 941 (5th Cir. 1998); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998), neither of Petitioner's state habeas applications was pending in state court during the one-year period.  <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll limitation period where it was not filed until after the limitation period had expired).  Therefore, Petitioner's claim challenging his probation revocation is time barred.[4]

---

[4]     As noted above, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the petition

for writ of habeas corpus with prejudice as barred by the one-year statute of limitations.  See 28

U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner and counsel for

Respondent.

Signed this 14th day of April, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation. Pursuant to Douglass v. United Serv. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996)(en banc) a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a de novo determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.